IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MARSHALL COGMAN, #130 734     *

     Petitioner,              *

     v.                    * CIVIL ACTION NO. 2:04-CV-1245-F

WILLIE THOMAS, WARDEN, *et al.*,     *

     Respondents.        *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Marshall Cogman ["Cogman"], a state inmate, on December 27, 2004. He seeks to challenge his attempted first degree rape conviction entered against him by the Circuit Court for Montgomery County, Alabama on November 20, 1981. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction and sentence on October 12, 1982. Cogman's conviction became final by operation of law on April 29, 1983. Pursuant to an order of this court, Respondents filed an answer in which they argue that the petition for habeas corpus relief is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[1] as it was not filed within the one-year "grace period" allowed in this Circuit. Specifically, Respondents assert that because Cogman's conviction became final

_____

[1]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

before the effective date of the AEDPA, he was allowed until April 24, 1997 in which to file a § 2254 petition.  (Doc. No. 9.)    Although he filed a state post-conviction petition in August 2004 challenging his attempted first degree rape conviction, this action had no effect on the limitation period as this collateral challenge was filed after the federal limitation period had already expired. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001).  Because Cogman's direct appeal proceedings became final prior to April 24, 1996, he had until April 24, 1997 to challenge his 1981 attempted first degree rape conviction.

Upon review of the pleadings filed in this case and the law governing § 2254 petitions, the Magistrate Judge concludes that the instant application for habeas relief should be denied.

## II. DISCUSSION

Cogman was convicted of attempted first degree rape by the Circuit Court for Montgomery County on November 20, 1981.  He appealed his conviction.  The Alabama Court of Criminal Appeals affirmed Cogman's conviction and sentence on October 12, 1982. Following the denial of his application for rehearing on November 23, 1982, the Alabama Supreme Court denied Petitioner's petition for writ of certiorari on January 28, 1983.  *See Cogman v. State*, 424 So.2d 1355 (Ala.Crim.App. 1982).  Cogman did not further appeal his attempted rape conviction.

By operation of law, his 1981 conviction for first degree attempted rape became final on April 29, 1983 -- ninety days after the Alabama Supreme Court affirmed the conviction --

as this is the date on which the time expired for Cogman to file a petition for writ of certiorari with the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within 90 days of the action undertaken by such state court).

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Although Petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of the limitation period. "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259; *see also Tinker*, 255 F.3d at 1333, 1335. n.4 ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is, therefore, clear that Cogman's state post-conviction petition had no affect on the running of the limitation period applicable to the instant federal habeas petition. *Webster*, 199 F.3d at 1259.

-3-

A one-year statute of limitations is applicable to habeas corpus petitions filed in non-capital cases for persons convicted in a state court.   28 U.S.C. § 2244(d)(1).[2]   28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired.  Here, it is clear that Cogman's attempted first degree rape conviction became final prior to enactment of the AEDPA.  Thus, if the AEDPA were applied retroactively, the one-year limitation period in section 2244(d)(1)(A) would have expired on his  conviction in

---

[2]This section provides:

> (1)      A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
>> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)      the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)      the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

1984.  The Eleventh Circuit has held, however,  that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Cogman], whose convictions became final prior to the effective date of the AEDPA ... 'would be unfair, and impermissibly retroactive.' [*Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]." *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998).

The Court further determined that prisoners in this position must be allowed a reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their § 2254 petitions, and determined that "a reasonable time" is until April 24, 1997 -- "one year from the AEDPA's effective date." *Id*.

As previously noted, Cogman's attempted first degree rape conviction became final in April 1983.  The applicable limitation period therefore began to run on April 24, 1996 upon enactment of the AEDPA and ran uninterrupted until its expiration.  In light of the foregoing, the time allowed Cogman for the filing of a federal habeas petition expired on April 24, 1997.  His first collateral petition was filed in August 2004, more than seven years after the applicable limitation period expired.  It therefore had no effect on the limitation period.  *See Webster*, 199 F.3d at1259; *see also Tinker*, 255 F.3d at 1335 n.4.

The limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  "Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when 'extraordinary circumstances' have worked

to prevent an otherwise diligent petitioner from timely filing his petition," *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir.2001); *Jones v. United States,* 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Department of Corrections,* 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id*.

In his response to Respondents' answer, Cogman argues that (1) his claim that his sentence is illegal because it was improperly enhanced by uncounseled prior convictions is jurisdictional in nature and (2) the claim is not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A).   (Doc. No. 13.)   Without deciding whether Cogman's claim is jurisdictional in nature, the court is mindful that neither 28 U.S.C. § 2244(d) nor federal case law makes an exception for jurisdictional issues arising under state law.

The claim presented in this petition is not based on a newly recognized constitutional right.  The factual predicate of the claim was also readily available to Cogman when he was convicted and sentenced.   Moreover, he has presented no circumstances which occurred immediately before or during the grace period that prevented his timely filing of this petition. Cogman's seven-year delay beyond the expiration of the limitation period reveals a lack of diligence which prohibits equitable tolling in this case. *See Fisher v. Johnson,* 174 F.3d 710, 715 and n. 14 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.")

Cogman's claim, therefore, fail to meet the exceptions to determining finality of judgment contained in 28 U.S.C. § 2244(d)(1)(C) and (D). Therefore,  no basis exists upon

which to extend the one-year deadline, and Cogman has not otherwise demonstrated that his claims should be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271 (tolling is appropriate where "extraordinary circumstances that are both beyond [petitioner's] control and unavoidable even with diligence" exist).

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and dismissed with prejudice as time-barred.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of March, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE